AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 AUG 20 AM 11: 05
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

JOSE ALFONSO CASTILLO
*Petitioner*

v.

WARDEN, McCOOK DETENTION CENTER
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 8:26CV448
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: JOSE ALFONSO CASTILLO
   (b) Other names you have used: NONE
2. Place of confinement:
   (a) Name of institution: WARDEN, McCOOK DETENTION CENTER
   (b) Address: 2309 N Highway 83
   McCook, NE 69001
   (c) Your identification number: A# 200-726-621
3. Are you currently being held on orders by:
   ☑ Federal authorities ☐ State authorities ☐ Other - explain:
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:
   (b) Docket number of criminal case:
   (c) Date of sentencing:
   ☑ Being held on an immigration charge
   ☐ Other *(explain)*:

RECEIVED
AUG 2 0 2026
CLERK
U.S. DISTRICT COURT

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention
☑ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*: ______

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:
U.S. Immigration and Customs Enforcement (ICE) McCook, Nebraska

(b) Docket number, case number, or opinion number: A# 200-726-621

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
My continued immigration detention without adequate individualized consideration of whether physical confinement remains necessary while my immigration proceedings are pending.

(d) Date of the decision or action: June 24, 2026

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ______

(2) Date of filing: ______

(3) Docket number, case number, or opinion number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) If you answered "No," explain why you did not appeal:
I have not received an adequate administrative remedy capable of providing the immediate relief from continued physical detention that I seek in this Petition. My immigration proceedings remain pending.

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:

No first appeal was filed, and therefore no second appeal was available from such a proceeding.

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❒ Yes ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:

No second appeal was filed, and therefore no third appeal was available from such a proceeding.

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❒ Yes ☑ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❒ Yes ❒ No

If "Yes," provide:
(1) Name of court: ______
(2) Case number: ______
(3) Date of filing: ______
(4) Result: ______
(5) Date of result: ______
(6) Issues raised: ______

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☐ No

If "Yes," provide:
(1) Name of court: ______
(2) Case number: ______
(3) Date of filing: ______
(4) Result: ______
(5) Date of result: ______
(6) Issues raised: ______

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: ______

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑ Yes ☐ No

If "Yes," provide:

(a) Date you were taken into immigration custody: June 24, 2026

(b) Date of the removal or reinstatement order: N/A – Immigration proceedings remain pending; no final removal or reinstatement order identified.

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☑ No

If "Yes," provide:

(1) Date of filing: __________

(2) Case number: __________

(3) Result: __________

(4) Date of result: __________

(5) Issues raised: __________

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court: __________

(2) Date of filing: __________

(3) Case number: __________

(4) Result: __________

(5) Date of result: __________

(6) Issues raised: __________

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: __________

(b) Name of the authority, agency, or court: __________

(c) Date of filing: __________

(d) Docket number, case number, or opinion number: __________

(e) Result: __________

(f) Date of result: __________

(g) Issues raised: __________

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Continued detention without adequate individualized justification.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

My immigration proceedings remain pending, and I have a merits hearing scheduled for September 1, 2026. I intend to appear and comply with all immigration requirements. I remain physically detained despite my willingness to comply with reasonable conditions of supervision and despite the availability of alternatives to continued incarceration.

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes ☑ No

**GROUND TWO:** Continued detention is unnecessary when reasonable alternatives to physical confinement are available.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

I have employment and community ties and individuals willing to support me. I am willing to report to immigration authorities, maintain updated address and contact information, comply with supervision, and appear for every scheduled Immigration Court proceeding. My immigration case can continue without requiring my physical incarceration.

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes ☑ No

**GROUND THREE:** My individual circumstances warrant immediate release or, alternatively, meaningful individualized custody review.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

My immigration case remains active, and I have a scheduled merits hearing that I intend to attend. I am willing to comply with reasonable conditions of release. I request immediate release from immigration custody as my primary relief or, only in the alternative, a prompt and meaningful individualized custody or bond hearing.

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes ☑ No

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

❒ Yes ❒ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: I am challenging my present and continuing physical immigration detention. I have not previously obtained meaningful individualized review capable of providing the immediate relief from detention requested in this Petition. My immigration proceedings remain pending.

**Request for Relief**

15. State exactly what you want the court to do: I respectfully request that the Court order my immediate release from immigration custody, subject to reasonable conditions of supervision if necessary. Only in the alternative, if immediate release is not granted, I request a prompt, meaningful, and individualized custody or bond hearing at which the necessity of my continued detention and reasonable alternatives to incarceration are considered. I also request any other relief the Court deems just and appropriate.

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:
08-17-2026

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 08-17-2026

Jose Alfonso Castillo
*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

Print Save As... Reset

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**JOSE ALFONSO CASTILLO,**
**A# 200-726-621,**
**Petitioner, Pro Se,**

**v.**

**WARDEN OF THE DETENTION FACILITY**
**IN McCOOK, NEBRASKA,**

**Respondent.**

**Case No.** ______________________________

**PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241**

---

## INTRODUCTION

I, **Jose Alfonso Castillo**, A# 200-726-621, respectfully submit this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to challenge my present and continued physical detention by federal immigration authorities in McCook, Nebraska.

I am presently deprived of my physical liberty while my immigration proceedings remain active and unresolved. I am not serving a criminal sentence, and this Petition does not ask this Court to decide whether I am ultimately entitled to remain in the United States. That determination remains before the Immigration Court. This Petition concerns my present physical detention and whether continued incarceration is constitutionally justified under my individual circumstances.

My immigration proceedings remain pending. I presently have a merits hearing scheduled for September 1, 2026, at 1:00 p.m., before Immigration Judge Juan Roman. I intend to appear, continue pursuing my immigration case, and comply with all lawful requirements imposed upon me.

I have a substantial liberty interest at stake. My continued detention separates me from my family, employment, community, and the life I maintained before being taken into custody. At the same time, reasonable and enforceable alternatives exist that can

ensure my continued participation in immigration proceedings without requiring my physical incarceration.

I am willing to report to immigration authorities as directed, maintain updated residential and contact information, appear for every scheduled Immigration Court proceeding, comply with supervision requirements, and follow other reasonable conditions imposed upon my release.

I recognize that the circumstances surrounding my arrest include the fact that I ran when immigration officers unexpectedly arrived. I do not conceal that fact, minimize it, or ask this Court to disregard it. I acknowledge what occurred because I want the circumstances of my detention to be presented truthfully.

My reaction occurred during a brief and unexpected encounter when I became frightened by the sudden arrival of immigration officers and the possibility of being detained and separated from my family and life. It was an immediate reaction of fear and panic. It was not a deliberate decision to abandon my immigration proceedings, disregard a scheduled hearing, or disappear from immigration authorities.

That single moment should be considered together with my complete circumstances rather than treated as conclusive proof that physical incarceration is the only means capable of ensuring my future compliance.

I have an active immigration case that gives me a direct and substantial reason to appear. I have a scheduled merits hearing, employment and community ties, individuals willing to support me and attest to my character and reliability, and a willingness to accept reasonable conditions designed to ensure my future appearances.

I therefore respectfully ask this Court to exercise its habeas jurisdiction and determine whether my continued physical detention remains lawful and constitutionally permissible.

My first and primary request is immediate release from immigration custody, subject to reasonable conditions of supervision if this Court considers them necessary.

Only in the alternative, if the Court determines that immediate release cannot presently be granted, I respectfully request a prompt, meaningful, and individualized custody or bond hearing at which the actual necessity of my continued detention, my individual circumstances, and reasonable alternatives to incarceration are genuinely considered.

**JURISDICTION AND VENUE**

This action is brought pursuant to 28 U.S.C. § 2241 because I am presently in federal immigration custody and challenge the legality and constitutionality of my continued physical detention.

My claims also arise under the Due Process Clause of the Fifth Amendment to the United States Constitution, because my continued detention directly restrains my physical liberty while my immigration proceedings remain pending.

I am presently physically detained in McCook, Nebraska, within the District of Nebraska. My immediate custodian is the Warden of the detention facility in McCook, Nebraska.

Accordingly, this Court has territorial jurisdiction over my present custodian and is the proper federal district in which to bring this challenge to my physical detention.

My Petition presents a challenge to custody that is distinct from the merits of my underlying immigration proceedings. I do not ask this Court to determine whether I am removable, adjudicate an application for immigration relief, grant immigration status, or substitute its judgment for that of the Immigration Court.

Those immigration matters remain before the appropriate immigration authorities and Immigration Court.

Instead, I ask this Court to address the separate question of whether my continued physical incarceration is lawful and constitutionally permissible under the circumstances presented here and whether continued detention remains necessary when reasonable alternatives are available.

The relief I seek—immediate release from physical custody, or alternatively meaningful individualized review of the necessity of continued detention—can be addressed without this Court deciding the ultimate merits of my immigration case.

Venue is therefore proper in the District of Nebraska because I am physically confined within this District and challenge the legality of that present custody.

**PARTIES**

I am Jose Alfonso Castillo, A# 200-726-621, the Petitioner in this action. I am presently detained under federal immigration authority in McCook, Nebraska, while my immigration proceedings remain pending.

I bring this Petition on my own behalf and proceed Pro Se.

I am the individual whose physical liberty is presently restrained and whose continued immigration detention is challenged through this Petition.

My immigration proceedings remain active. I intend to continue pursuing those proceedings regardless of the outcome of this habeas action and to comply with all lawful requirements imposed upon me if I am released.

The Respondent is the Warden of the Detention Facility in McCook, Nebraska, who exercises immediate physical custody over me at my present place of confinement.

Through this Petition, I seek relief from my present physical detention. I do not seek an order terminating my immigration proceedings or relieving me of my obligation to continue appearing and participating in those proceedings.

**FACTUAL BACKGROUND**

On June 24, 2026, at approximately 7:20 a.m., I was traveling to work in Omaha, Nebraska, with my friend, Angel Heredia.

Angel was driving the vehicle. I was riding as a passenger.

We were traveling in the area of 24th Street and L Street on our way to work when a Nebraska State Patrol officer began following the vehicle.

The officer eventually initiated a traffic stop in the area of the Wells Fargo near 24th Street and L Street in Omaha, Nebraska.

I was not driving the vehicle. From what I personally observed as a passenger, we had not been driving recklessly, running a traffic light, or committing another traffic violation that was apparent to me immediately before the stop.

At the time, I believed that the officer may have checked the vehicle's license plate and obtained information concerning the driver's license status associated with the vehicle. However, I did not personally see what information the officer reviewed, I did not hear the officer explain the precise basis for initiating the stop, and I therefore do not represent to this Court that I know the exact reason for the traffic stop.

I describe those circumstances because they explain how my encounter with immigration authorities began. I do not ask this Court through this Petition to determine the legality of the underlying traffic stop.

Very shortly after the Nebraska State Patrol stopped the vehicle, immigration officers arrived at the location.

Their arrival happened quickly and unexpectedly from my perspective. I had been traveling to work as a passenger, and within a short period of time I was suddenly confronted with immigration officers and the possibility that I would be taken into custody.

When I saw the immigration officers arrive, I became frightened. I understood that I could be detained and separated from my family, my employment, my community, and the life I had established in the United States.

In that moment, I panicked and ran.

I was apprehended shortly afterward and taken into immigration custody.

I state that fact openly because I do not want to mislead this Court or provide an incomplete account of what occurred. I ran when I saw the immigration officers arrive, and I recognize that this fact may be considered in evaluating my custody.

At the same time, I respectfully ask that my reaction be considered in its actual context.

I had not appeared for a scheduled Immigration Court hearing and then deliberately refused to participate. I had not been ordered to report to immigration authorities and knowingly ignored that obligation. I was traveling to work as a passenger when the vehicle was unexpectedly stopped, immigration officers arrived shortly afterward, and I reacted out of immediate fear and panic.

My reaction during that brief encounter was not a decision to abandon my immigration case, disappear from the authorities, or refuse to participate in future proceedings.

My intentions regarding my pending immigration case should therefore be evaluated based upon my complete circumstances and my present willingness to comply, rather than solely upon that brief reaction during my arrest.

Following my apprehension, I was placed into immigration custody. I am presently detained in McCook, Nebraska, within this judicial District.

My immigration proceedings have nevertheless continued while I have been detained.

My case remains active before the Immigration Court, and I presently have a merits hearing scheduled for September 1, 2026, at 1:00 p.m., before Immigration Judge Juan Roman.

That hearing is important to me. It provides me with an opportunity to continue presenting and pursuing my immigration case. I have no reason to abandon the very proceeding through which I am seeking immigration relief.

My immigration history also predates the events of June 24, 2026. I possess immigration documentation reflecting my prior history with immigration authorities and my participation in the immigration process.

Before my detention, I worked in the United States and established meaningful relationships within my community. Individuals who have known me through my employment and community are willing to attest to my character, reliability, work history, and the person they have known me to be.

Those ties are relevant to whether continued incarceration is actually necessary. My life outside detention consists of more than the circumstances surrounding my arrest. I have employment history, community connections, individuals willing to support me, and an active immigration proceeding that gives me a direct reason to remain available and accountable.

I understand that release would not eliminate my obligations to immigration authorities. I am prepared to comply with those obligations.

If released, I am willing to report as directed, maintain current residential and contact information, appear for every scheduled Immigration Court hearing, comply with reasonable supervision requirements, and follow other lawful conditions imposed upon me.

I do not ask this Court to release me from my immigration proceedings or from my responsibility to comply with the law. I ask to be released from continued physical incarceration so that I may fulfill those obligations outside detention.

My immigration proceedings can continue while I am released under reasonable conditions. My physical incarceration is not the only means available to ensure my appearance and compliance.

Nevertheless, I remain detained in McCook, Nebraska, separated from my family, employment, community, and ordinary life while my immigration case remains unresolved.

For these reasons, I respectfully challenge the necessity and constitutionality of my continued physical detention and ask this Court, as my primary relief, to order my immediate release from immigration custody, subject to reasonable conditions if necessary.

Only if immediate release is not granted do I respectfully request the alternative protection of a prompt, meaningful, and individualized custody or bond hearing at which the Government's asserted need for my continued confinement can be evaluated against my actual circumstances and the reasonable alternatives available.

**GROUND ONE**
**MY CONTINUED CIVIL DETENTION, WITHOUT A MEANINGFUL INDIVIDUALIZED JUSTIFICATION FOR CONFINEMENT, VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT**

My continued detention imposes a severe restraint upon my physical liberty while my immigration proceedings remain pending and unresolved. I am being held in civil immigration custody, not serving a criminal sentence. Continued physical confinement therefore should remain reasonably connected to a legitimate immigration purpose and should not operate as punishment.

I respectfully submit that my individual circumstances do not justify treating incarceration as the only means of ensuring my participation in my immigration proceedings. My case remains active, I have a scheduled merits hearing, and I intend to appear and continue pursuing the immigration relief available to me. I have a direct personal interest in remaining engaged in that process rather than abandoning it.

I recognize that I ran when immigration officers arrived on June 24, 2026. I do not conceal or minimize that fact. I reacted out of fear and panic during an unexpected encounter. That event may properly be considered as part of my circumstances, but it should not automatically establish that I must remain physically incarcerated throughout the remainder of my immigration proceedings.

There is an important difference between an immediate reaction of fear during an unexpected encounter and a deliberate future decision to disregard a known court obligation. I now know that my immigration proceedings remain active, I know that I have a merits hearing scheduled for September 1, 2026, and I understand that failing to appear could seriously prejudice the very immigration case I am attempting to pursue.

My complete circumstances provide substantial reasons for compliance. Before my detention, I worked and maintained ties within my community. Individuals who know me are willing to support me and attest to my employment history, character, and reliability. Most importantly, I am expressly willing to comply with reasonable conditions of release.

Any legitimate concern regarding my future appearance can be addressed through conditions substantially less restrictive than incarceration. I can report to immigration

authorities, maintain updated residential and contact information, comply with supervision requirements, and appear for every scheduled immigration proceeding.

I am not asking to be relieved of those obligations. I am asking to fulfill them outside physical detention.

The Fifth Amendment protects my liberty from deprivation without due process of law. Continued incarceration should therefore depend upon a meaningful and individualized justification for why confinement remains necessary in my particular circumstances, rather than upon generalized assumptions arising from my immigration status or a single moment during my arrest.

Where my immigration proceedings remain pending, my future appearance can be addressed through enforceable conditions, and reasonable alternatives to incarceration are available, continued physical confinement imposes an extraordinary restraint upon my liberty.

For these reasons, I respectfully submit that my continued detention, without adequate individualized justification demonstrating why physical incarceration remains necessary, violates the Due Process Clause of the Fifth Amendment and supports my request for **immediate release from immigration custody**.

**GROUND TWO**
**MY CONTINUED DETENTION IS ARBITRARY AND EXCESSIVE WHEN THE GOVERNMENT'S LEGITIMATE INTERESTS CAN BE PROTECTED THROUGH REASONABLE ALTERNATIVES TO INCARCERATION**

My challenge is not based merely upon the existence of immigration detention authority. I challenge whether continued physical incarceration remains necessary and constitutionally justified under my actual circumstances when substantially less restrictive measures are available.

Physical detention represents the most severe restraint upon my liberty. Yet the Government's legitimate interest in ensuring my future appearance does not necessarily require incarceration.

I am willing to accept concrete and enforceable conditions designed specifically to ensure my compliance. I can report regularly to immigration authorities, maintain current address and contact information, comply with supervision, attend every Immigration Court proceeding, and satisfy other reasonable requirements imposed upon my release.

My pending immigration proceedings themselves provide a substantial incentive for compliance. My case remains active, and I have a merits hearing scheduled for

September 1, 2026. That hearing provides an opportunity for me to present and pursue my immigration case. Failing to appear would jeopardize the very relief I am seeking.

My circumstances outside detention also matter. Before being detained, I worked and developed meaningful ties within my community. Individuals who know me through my employment and community are willing to support me and attest to my character, reliability, and work history. Those connections provide additional reasons for me to remain accountable and available.

I understand that my decision to run when immigration officers arrived may raise concerns regarding my future compliance. I do not ask this Court to ignore those concerns. I ask that they be evaluated fairly and in light of the complete record.

I was not attempting to evade a scheduled Immigration Court hearing when I ran. I was a passenger traveling to work when the vehicle was stopped, immigration officers arrived shortly afterward, and I reacted in fear. That brief reaction does not necessarily establish that I would deliberately disregard a known future court obligation after being released under clearly defined and enforceable conditions.

I am now expressly telling this Court that I understand my obligations and intend to comply with them.

Reasonable supervision can directly address any legitimate concern arising from the circumstances of my arrest without requiring continued incarceration. Reporting requirements, scheduled appearances, updated address requirements, and other conditions provide mechanisms through which immigration authorities can maintain accountability while allowing me to pursue my case outside detention.

My continued confinement separates me from my family and community, prevents me from returning to employment, and deprives me of physical liberty while I wait for an immigration proceeding that can continue whether I am incarcerated or released under appropriate conditions.

When the purposes of civil immigration detention can reasonably be served through less restrictive measures, continued incarceration without meaningful consideration of those alternatives becomes excessive in relation to those purposes.

For these reasons, I respectfully submit that my continued physical detention is arbitrary and excessive under my individual circumstances and that **immediate release, subject to reasonable conditions if necessary, is the appropriate relief**.

**GROUND THREE**
**MY INDIVIDUAL CIRCUMSTANCES WARRANT IMMEDIATE RELEASE OR, ONLY IN**

## THE ALTERNATIVE, A PROMPT AND MEANINGFUL INDIVIDUALIZED CUSTODY HEARING

The principal relief I seek through this Petition is straightforward: I respectfully ask this Court to order my **immediate release from immigration custody**.

My immigration proceedings can continue without requiring my physical incarceration. Release would not terminate my immigration case, excuse me from appearing before the Immigration Court, or eliminate any lawful obligation imposed upon me.

I am prepared to continue pursuing my immigration case outside detention and to comply fully with reasonable conditions designed to ensure my appearance and accountability.

I can report as directed, maintain updated residential and contact information, attend every scheduled Immigration Court proceeding, comply with reasonable supervision, and satisfy other lawful conditions imposed upon my release.

I have a concrete reason to do so. My merits hearing is scheduled for September 1, 2026, and I want the opportunity to appear and pursue my immigration case. Abandoning those proceedings would work directly against my own interests.

I therefore respectfully submit that my continued physical incarceration is unnecessary when reasonable measures can protect the Government's legitimate interests while respecting my substantial liberty interest.

For that reason, **immediate release is my first and primary request for relief.**

Only if this Court determines that immediate release cannot presently be ordered do I respectfully request, in the alternative, a prompt and meaningful individualized custody or bond hearing before a neutral decisionmaker.

At any such hearing, the necessity of my continued detention should be evaluated based upon my complete individual circumstances rather than generalized assumptions.

The decisionmaker should be permitted to consider my pending immigration proceedings, my scheduled merits hearing, employment and community ties, available support outside detention, willingness to comply with supervision, and reasonable alternatives to physical incarceration.

The circumstances surrounding my arrest, including the fact that I ran when immigration officers arrived, may also be considered. I ask only that this fact be evaluated together

with the complete record rather than treated automatically as dispositive of whether I must remain detained.

Any alternative hearing should provide a genuine opportunity for me to demonstrate that continued physical confinement is unnecessary and that reasonable conditions can adequately ensure my appearance and compliance.

Accordingly, I respectfully request that this Court first order my **immediate release from immigration custody**. Only if immediate release is not granted do I request a prompt, meaningful, and individualized custody or bond hearing as alternative relief.

**REQUEST FOR RELIEF**

For the foregoing reasons, I respectfully request that this Court grant my Petition for Writ of Habeas Corpus and:

A. Exercise jurisdiction over this Petition pursuant to 28 U.S.C. § 2241;

B. Determine that my continued physical detention, under the individual circumstances presented in this Petition, violates my rights under the Due Process Clause of the Fifth Amendment;

C. As my **first and primary relief, order my immediate release from immigration custody**, subject to reasonable conditions of supervision or reporting if the Court considers such conditions necessary;

D. Only in the alternative, if immediate release is not granted, order a **prompt, meaningful, and individualized custody or bond hearing** before a neutral decisionmaker at which the actual necessity of my continued detention is evaluated based upon my individual circumstances;

E. Require meaningful consideration at any such alternative hearing of my pending immigration proceedings, scheduled merits hearing, employment and community ties, available support, willingness to comply with supervision, and reasonable alternatives to continued physical incarceration;

F. Permit appropriate alternatives to detention, including reporting requirements, supervision, maintenance of current residential and contact information, or other reasonable conditions sufficient to ensure my future appearances and compliance;

G. Preserve this Court's ability to provide meaningful habeas review while this action remains pending; and

H. Grant such other and further relief as this Court deems just and appropriate.

**CONCLUSION**

I respectfully ask this Court to consider my complete circumstances and the substantial physical liberty interest at stake.

I am not asking this Court to decide my underlying immigration case. My immigration proceedings remain pending, and I intend to continue pursuing them through the process established by law.

I have a merits hearing scheduled for September 1, 2026. I want to appear for that hearing, present my case, and continue pursuing the relief available to me. Failing to appear would jeopardize my own interests.

I acknowledge that I ran when immigration officers arrived on June 24, 2026. I have not attempted to conceal that fact. I reacted during a brief moment of fear and panic in an unexpected situation.

I respectfully ask that this single event be considered as one part of my complete circumstances rather than as a permanent justification for continued physical incarceration.

I have an active immigration case, employment and community ties, individuals willing to support me and attest to my reliability, and a willingness to accept reasonable and enforceable conditions of release.

I am prepared to demonstrate my compliance through my actions. I can report to immigration authorities, maintain updated residential and contact information, comply with supervision, and appear for every scheduled immigration proceeding.

I do not seek freedom from my immigration obligations. I seek the opportunity to comply with those obligations while living outside detention.

Continued physical incarceration is not the only available means of ensuring my participation in the immigration process. Reasonable conditions can preserve the Government's legitimate interests while allowing me to return to my family, employment, and community and continue pursuing my case.

For these reasons, I respectfully request that this Court grant my Petition for Writ of Habeas Corpus and order my **immediate release from immigration custody**.

Only if the Court determines that immediate release cannot presently be granted do I respectfully request a prompt, meaningful, and individualized custody or bond hearing at which the necessity of continued detention and the availability of reasonable alternatives can be genuinely considered.

**VERIFICATION**

I, **Jose Alfonso Castillo**, A# **200-726-621**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Petitioner in this action, that I have read the foregoing Petition for Writ of Habeas Corpus, and that the factual statements contained herein that are based upon my personal knowledge are true and correct to the best of my knowledge.

Executed on: ______August 17______, 2026

Jose Alfonso Castillo

**Jose Alfonso Castillo**
A# 200-726-621
Petitioner, Pro Se

# CERTIFICATE OF SERVICE

I, **Jose Alfonso Castillo**, A# **200-726-621**, Petitioner Pro Se, hereby certify that on August 17, 2026, I placed a true and correct copy of the foregoing **Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**, together with the accompanying Declaration and Exhibits, in the institutional mailing system, properly addressed for filing and service as follows:

**Original filed with:**

Clerk of Court
United States District Court
District of Nebraska
Roman L. Hruska Federal Courthouse
111 South 18th Plaza, Suite 1152
Omaha, NE 68102

**Copy served upon:**

Office of the United States Attorney
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE 68102

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 17, 2026

Jose Alfonso Castillo

**Jose Alfonso Castillo**
A# 200-726-621
Petitioner, Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**JOSE ALFONSO CASTILLO,**
A# 200-726-621,
Petitioner, Pro Se,

v.

**WARDEN OF THE DETENTION FACILITY**
**IN McCOOK, NEBRASKA,**

Respondent.

Case No. ______________________________

**PROPOSED ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Upon consideration of Petitioner **Jose Alfonso Castillo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241**, the record before the Court, and for good cause shown, it is hereby:

**ORDERED** that the Petition for Writ of Habeas Corpus is **GRANTED**; and it is further

**ORDERED** that Petitioner, **Jose Alfonso Castillo, A# 200-726-621**, shall be **released immediately from immigration custody**, subject to reasonable conditions of supervision as may be lawfully imposed; and it is further

**ORDERED** that, if the Court determines that immediate release is not appropriate, Petitioner shall, in the alternative, be provided a **prompt, meaningful, and individualized custody or bond hearing** consistent with the Court's ruling; and it is further

**ORDERED** that Respondent and appropriate federal immigration officials shall take all actions necessary to comply promptly with this Order.

**IT IS SO ORDERED.**

Dated: ___________________________

________________________________
**UNITED STATES DISTRICT JUDGE**

## INDEX OF EXHIBITS

## JOSE ALFONSO CASTILLO
## A# 200-726-621

**EXHIBIT A – DECLARATION AND IDENTIFICATION OF PETITIONER**

Declaration of Jose Alfonso Castillo in Support of Petition for Writ of Habeas Corpus, together with a copy of his Employment Authorization Document as identification and evidence of his immigration documentation.

**EXHIBIT B – IMMIGRATION CASE RECORD**

EOIR Automated Case Information reflecting Jose Alfonso Castillo's pending immigration proceedings and scheduled merits hearing.

**EXHIBIT C – IMMIGRATION DOCUMENTATION**

Available immigration documents relating to Jose Alfonso Castillo's immigration history and prior immigration proceedings.

**EXHIBIT D – LETTERS OF SUPPORT**

Letters of support from employers, former employers, friends, and community members who know Jose Alfonso Castillo, submitted collectively as evidence of his employment history, character, reliability, community ties, and available support outside detention.

# EXHIBIT A

# DECLARATION AND IDENTIFICATION OF PETITIONER

# DECLARATION OF JOSE ALFONSO CASTILLO IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

I, **Jose Alfonso Castillo**, A# **200-726-621**, declare under penalty of perjury as follows:

My name is Jose Alfonso Castillo. I am presently detained in immigration custody in **McCook, Nebraska**, and I submit this declaration based upon my personal knowledge and experience in support of my **Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241**.

On **June 24, 2026, at approximately 7:20 a.m.**, I was traveling to work in Omaha, Nebraska, with my friend, **Angel Heredia**. Angel was driving the vehicle, and I was riding as a passenger.

We were traveling in the area of **24th Street and L Street** when a Nebraska State Patrol officer began following the vehicle. The officer eventually stopped us near the Wells Fargo located in that area.

I was not driving the vehicle. From what I personally observed, we had not been driving recklessly, running a traffic light, or committing any other traffic violation that was apparent to me immediately before we were stopped.

At the time, I believed that the officer may have checked the vehicle's license plate and obtained information concerning the driver's license status associated with the vehicle. However, I did not personally see what information the officer reviewed, and I do not know the precise reason why the officer decided to initiate the traffic stop.

Very shortly after the State Patrol stopped us, immigration officers arrived at the location.

Everything happened very quickly. I had been traveling to work as a passenger, and suddenly I was confronted with immigration officers and the possibility that I would be detained and separated from my family, my employment, my community, and the life I had established in the United States.

When I saw the immigration officers arrive, I became frightened and panicked. In that moment, I ran.

I was apprehended shortly afterward and taken into immigration custody.

I want to be completely truthful with this Court about what occurred. I acknowledge that I ran, and I understand that my actions during that moment may be considered when evaluating my custody. I do not attempt to hide or minimize what happened.

I reacted out of immediate fear and panic. I did not stop to think about the consequences of my reaction. I was afraid of being detained and separated from the people and life I knew.

I did not run because I had decided to abandon my immigration case, disappear from immigration authorities, or refuse to appear before the Immigration Court. I was not attempting to evade a scheduled Immigration Court hearing. My reaction occurred during an unexpected encounter when immigration officers suddenly arrived.

I respectfully ask that this brief moment be considered in its actual context and together with the entirety of my circumstances, rather than as proof that I would deliberately refuse to comply with my immigration obligations if released.

Following my apprehension, I was placed into immigration custody. I am presently detained in **McCook, Nebraska**.

My immigration proceedings remain active and unresolved. I currently have a **merits hearing scheduled for September 1, 2026, at 1:00 p.m., before Immigration Judge Juan Roman**.

I intend to appear for that hearing and continue pursuing my immigration case. I understand that failing to appear or failing to comply with my immigration obligations could seriously harm the very case I am attempting to pursue.

Before my detention, I worked in the United States and established meaningful relationships within my community. People who have known me through my employment and community are willing to attest to my character, reliability, and work history.

My continued detention has separated me from my family, employment, community, and normal life while my immigration proceedings remain pending.

I understand that being released would not eliminate my obligations to immigration authorities or the Immigration Court. I am prepared to comply with those obligations.

If I am released, I am willing to report to immigration authorities whenever required, maintain updated residential and contact information, comply with reasonable supervision requirements, and appear for every hearing scheduled in my immigration case.

I am willing to accept reasonable conditions of release and demonstrate through my actions that I will comply with the requirements imposed upon me.

I do not ask to be released from my immigration responsibilities. I respectfully ask for the opportunity to fulfill those responsibilities outside physical detention while continuing to pursue my pending immigration case.

For these reasons, I respectfully ask this Court to consider my complete circumstances and grant the relief requested in my Petition for Writ of Habeas Corpus, including **immediate release from immigration custody as my primary requested relief**, subject to reasonable conditions if the Court considers them necessary.

I declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the foregoing is true and correct to the best of my knowledge.

Executed on: ___August 17___, 2026

Jose Alfonso Castillo

**Jose Alfonso Castillo**
A# 200-726-621
Petitioner, Pro Se

UNITED STATES OF AMERICA

EMPLOYMENT AUTHORIZATION CARD

CASTILLO JOSE A 20 FEB 1986

20 FEB 1986 M



Surname
**CASTILLO**

Given Name
**JOSE A**

| USCIS# | Category | Card# |
|---|---|---|
| 200-726-621 | C10 | MSC1390293020 |

Country of Birth
**El Salvador**

Terms and Conditions
**None**

| Date of Birth | Sex |
|---|---|
| 20 FEB 1986 | M |

Valid From: **01/08/13**

Card Expires: **01/07/14**

**NOT VALID FOR REENTRY TO U.S.**

21643236

U.S. Citizenship
and Immigration
Services

This card is not evidence of U.S. citizenship or permanent residence.
This document is void if altered, and may be revoked by the U.S. Government.
The person identified is authorized to work in the U.S. for the validity of this card.

FORM I-766 Rev. (12-20[illegible])

11 If found, drop in any US Mailbox. USPS: Mail to USCIS, PO Box 648005, Lee's Summit, MO 64002-8005

```
IAUSA2007266214MSC1390293020<<
8602204M1401073SLV<<<<<<<<<<<1
CASTILLO<<JOSE<ALFONSO<<<<<<<<
```

# EXHIBIT B

# IMMIGRATION CASE RECORD

Un sitio oficial del Gobierno de Estados Unidos Así es como lo sabe

EOIR Automated Case Information

**Court Closures Today** August 13, 2026

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

Inicio > **CASTILLO, JOSE ALFONSO (200-726-621)**

# Información automatizada de casos

## Nombre: CASTILLO, JOSE ALFONSO | Número de registro de extranjero: 200-726-621

### Información acerca de la

### Información sobre

# próxima audiencia

Su próxima **AUDIENCIA DE MÉRITO** es **POR INTERNET** el **1 de septiembre de 2026** a la(s) **1:00 PM.**

**JUEZ**
Roman, Juan

**DIRECCIÓN DE WEBEX**
https://eoir.webex.com/meet/IJ.Roman

# Pedimentos y Fallos Judiciales

*Este caso está pendiente.*

# Información de un caso ante la Junta de Apelaciones de Inmigración

# Información acerca del Tribunal

Si necesita más información sobre su caso, o desea presentar documentos adicionales, por favor comuníquese con el tribunal de inmigración.

No se recibió una apelación para este caso.

**DIRECCIÓN DEL TRIBUNAL**

1717 AVENUE H SUITE 100
OMAHA, NE 68110

**NUMERO DE TELÉFONO**

(402) 348-0310

Archivo

Accesibilidad

Calidad de Información

Política de Privacidad

Políticas Legales y Descargos de Responsabilidades

Redes Sociales

Presupuesto & Rendimiento

Oficina del Inspector General

No FEAR Act

Para Empleados

Ley de Libertad de Información en EOIR (FOIA, por sus siglas en inglés)

USA.gov

Comuníquese con EOIR

Página Principal de EOIR

Justice.gov

Immigration Court Online Resource

Comuníquese con la Asistencia Técnica

This site is protected by hCaptcha:

hCaptcha Privacy Policy

hCaptcha Terms of Service

Department of Justice | Executive Office for Immigration Review
*5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041*

EOIR Automated Case Information

# EXHIBIT C

# IMMIGRATION DOCUMENTATION

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| ASC Appointment Notice | APPLICATION NUMBER SRC1302550773 | | NOTICE DATE 11/5/2012 |
|---|---|---|---|
| CASE TYPE I485 Application to Register Permanent Resident or Adjust Status | SOCIAL SECURITY NUMBER | USCIS A# A200726621 | CODE 3 |
| | TCR | SERVICE CENTER TSC | PAGE 1 of 1 |

JOSE ALFONSO ALFONSO MENDOZA CASTILLO
c/o EOIR 42B
4217 S 23RD ST
OMAHA, NE 68107

To process your application, the U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

**APPLICATION SUPPORT CENTER**
USCIS OMAHA
1717 AVENUE H
OMAHA, NE 68110

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.**

**DATE AND TIME OF APPOINTMENT**
12/03/2012
9:00 AM

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Applicants must bring their Permanent Resident Card/Resident Alien Card, or a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, your biometrics may not be taken.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

**REQUEST FOR RESCHEDULING**

☐ Please reschedule my appointment. Upon receipt of your request, you will be provided a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to BPU, Alexandria ASC, Suite 100, 8850 Richmond Hwy, Alexandria, VA 22309-1586

APPLICATION NUMBER
I485 - SRC1302550773

**If you have any questions regarding this notice, please call 1-800-375-5283.**

**WARNING:** *Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

**Please see the back of this notice for important information.**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

## ASC Appointment Notice

| | | | |
|---|---|---|---|
| CASE TYPE<br>I485 Application to Register Permanent Resident or Adjust Status | APPLICATION NUMBER<br>SRC1302550773 | | NOTICE DATE<br>11/5/2012 |
| | SOCIAL SECURITY NUMBER | USCIS A#<br>A200726621 | CODE<br>3 |
| | TCR | SERVICE CENTER<br>TSC | PAGE<br>1 of 1 |

JOSE ~~ALFONSO~~ ALFONSO MENDOZA CASTILLO
c/o EOIR 42B
4217 S 23RD ST
OMAHA, NE 68107

To process your application, the U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

**APPLICATION SUPPORT CENTER**
USCIS OMAHA
1717 AVENUE H
OMAHA, NE 68110

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.**

**DATE AND TIME OF APPOINTMENT**
12/03/2012
9:00 AM

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**

1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Applicants must bring their Permanent Resident Card/Resident Alien Card, or a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, your biometrics may not be taken.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

**REQUEST FOR RESCHEDULING**

☐ Please reschedule my appointment. Upon receipt of your request, you will be provided a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to BPU, Alexandria ASC, Suite 100, 8850 Richmond Hwy, Alexandria, VA 22309-1586

BIOMETRICS PROCESSING STAMP
ASC SITE CODE: XOA
BIOMETRICS QA REVIEW BY: 5583 ON 12/3/12
TENPRINTS QA REVIEW BY: 5583 ON 12/3/12

APPLICATION NUMBER
I485 - SRC1302550773

**If you have any questions regarding this notice, please call 1-800-375-5283.**

**WARNING:** *Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

**Please see the back of this notice for important information.**

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

# THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| RECEIPT NUMBER | | CASE TYPE |
|---|---|---|
| SRC-13-025-50773 | | I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
| **RECEIVED DATE** November 1, 2012 | **PRIORITY DATE** | **APPLICANT** A200 726 621 MENDOZA CASTILLO, JOSE ALFONSO A. |
| **NOTICE DATE** November 1, 2012 | **PAGE** 1 of 2 | |

JOSE ALFONSO ALFONSO MENDOZA CASTILLO
C/O EOIR 42B
4217 S 23RD ST
OMAHA NE 68107

**Notice Type:** Receipt Notice

Fee Previously Collected

This courtesy notice is to advise you of action taken on this case. The official notice has been mailed to the authorized representative. Any relevant documentation included in the notice was also mailed as part of the official notice.

**Receipt Notice** - This notice confirms that USCIS received your application or petition ("this case") as shown above. **If any of the above information is incorrect, please immediately call 800-375-5283 to let us know.** This will help avoid future problems.

This notice does not grant any immigration status or benefit, nor is it evidence that this case is still pending. It only shows that the application or petition was filed on the date shown.

**Processing time** - Processing times vary by case type. You can check our website at www.uscis.gov for our current "processing times" for this case type at the particular office to which this case is or becomes assigned. On our website's "case status online" page, you can also view status or sign up to receive free e-mail updates as we complete key processing steps on this case. During most of the time this case is pending, however, our systems will show only that the case has been received, and the processing status will not have changed, because we will be working on other cases that were filed earlier than this one. We will notify you by mail, and show in our systems, when we make a decision on this case or if we need something from you. If you do not receive an initial decision or update from us within our current processing time, check our website or call 800-375-5283. Please save this notice, and any other notice we send you about this case, and please make and keep a copy of any papers you send us by any means, along with any proof of delivery to us. Please have all these papers with you if you contact us about this case.

**If this case is an I-130 Petition** - Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence. To best allocate resources, USCIS may wait to process I-130 forms until closer to the time when a visa number will become available, which may be years after the petition was filed. Nevertheless, USCIS processes I-130 forms in time not to delay relatives' ability to take the next step toward permanent residence once a visa number does become available. If, before final action on the petition, you decide to withdraw your petition, your family relationship with the beneficiary ends, or you become a U.S. citizen, call 800-375-5283.

**Applications requiring biometrics** - In some types of cases USCIS requires biometrics. In such cases, USCIS will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must WAIT for that separate appointment notice and take it (NOT this receipt notice) to your [illegible] photo identification [illegible] by your country, a [illegible] license, a military photo identification [illegible] identification card. If you receive more than one ASC appointment notice, [illegible] first appointment.

**If your address changes** - If your mailing address changes while your case is pending, call 800-375-5283 or use the "Online Change of Address" function on our website. Otherwise, you might not receive notice of our action on this case.

NOTICE: Pursuant to the terms of the United States Immigration & Nationality Act (INA), the information provided on and in support of applications and petitions is submitted under penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after adjudication to ensure conformity with applicable

Please see the additional information on the back. You will be notified separately about any other cases you filed.

IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
**Customer Service Telephone: (800) 375-5283**

**Please see the back of this notice for important information.**

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-797, Notice of Action

THE UNITED STATES OF AMERICA

| | | |
|---|---|---|
| RECEIPT NUMBER<br>MSC-14-901-68676 | | CASE TYPE I765 APPLICATION FOR EMPLOYMENT AUTHORIZATION |
| RECEIPT DATE<br>October 31, 2013 | PRIORITY DATE | APPLICANT A200 726 621<br>CASTILLO, JOSE A. |
| NOTICE DATE<br>December 17, 2013 | PAGE<br>1 of 1 | |

JOSE ALFONSO CASTILLO
4217 SOUTH 23RD STREET
OMAHA NE 68107

**Notice Type:** Approval Notice
Class: C10
Valid from 01/08/2014 to 01/07/2015

This courtesy notice is to advise you of action taken on this case. The official notice has been mailed to the authorized representative. Any relevant documentation included in the notice was also mailed as part of the official notice.

Your application for employment authorization has been approved. The Form I-766, Employment Authorization Document, was sent under separate cover to the beneficiary.

This card authorizes your employment in the United States. Show this card to your employer to verify authorization to work during the dates on the card.

If any information on the card is incorrect, please write the office listed below. Include your Employment Authorization Document, I-766, a photocopy of this notice, and evidence to support the necessary corrections.

THIS APPROVAL NOTICE IS NOT A VISA OR EVIDENCE OF EMPLOYMENT AUTHORIZATION, NOR MAY IT BE USED IN PLACE OF A VISA OR FORM I-766.

As a reminder, you may request to change employers under INA 204(j) if your Form I-485 Adjustment application has been pending for at least 180 days and your underlying Form I-140 is approved or is still pending. In order to do so, you should supplement the Form I-485 record of proceeding with documentation relating to the new job offer that forms the basis of the INA 204(j) portability request. For more information on how to request to change employers and what information is required to supplement the Form I-485, please visit www.uscis.gov.

This courtesy copy may not be used in lieu of official notification to demonstrate the filing or processing action taken on this case.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

NOTICE: Although this application/petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in this application, petition and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine whether revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and representatives of record will be provided an opportunity to address derogatory information before any formal proceeding is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NATIONAL BENEFITS CENTER
USCIS, DHS
P.O. BOX #648004
LEE'S SUMMIT MO 64064
**Customer Service Telephone: (800) 375-5283**

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-797C, Notice of Action

THE UNITED STATES OF AMERICA

| Fingerprint Notification | | | NOTICE DATE<br>October 20, 2011 |
|---|---|---|---|
| CASE TYPE<br>I589 Application For Asylum | | | USCIS A#<br>A 200 726 621 |
| RECEIPT NUMBER<br>ZDF1100115130 | RECEIVED DATE<br>October 18, 2011 | PRIORITY DATE<br>October 18, 2011 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
JOSE ALFONSO CASTILLO
4217 SOUTH 23RD STREET
OMAHA NE 68107

BIOMETRICS PROCESSING STAMP
ASC SITE CODE: XOA
BIOMETRICS QA REVIEW BY:
825709 ON 10-25-11
TENPRINTS QA REVIEW BY:
825709 ON 10-25-11

You have been scheduled to appear at the below USCIS Application Support Center (ASC) to be fingerprinted and photographed (biometrics collection) during the 14-day period specified below. Completion of background identity and security checks is required in order to process your application.

| Address | 14-Day Period | Hours of Operation<br>CLOSED ON FEDERAL HOLIDAYS |
|---|---|---|
| USCIS OMAHA<br>1717 AVENUE H<br>OMAHA NE 681102752 | 10/23/2011<br>to<br>11/06/2011 | Sat, Sun Closed<br>Mon-Fri 8am-4pm |

Failure to appear as scheduled for fingerprinting and biometrics collection during the 14-Day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application, and/or referring it to an Immigration Judge.

When you appear for fingerprinting and biometrics collection, you MUST BRING THIS LETTER. Even if you are scheduled at the same time as your family members, each individual must bring his or her own notice. **If you do not bring this letter, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application and your eligibility for work authorization.** You should also bring photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID. If you do not have any photo identification, please expect a minor delay, as you will need to be interviewed by a USCIS officer regarding your identity. **Note: Asylum applicants are not required to present identification documents in order to have fingerprints and biometrics collected.**

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Pursuant to Section 265 of the Immigration and Nationality Act, you are required to notify the USCIS, in writing, of any address changes, within 10 days of such change. If you were placed in removal proceedings before an Immigration Judge, you are also required to notify the Immigration Court having jurisdiction over your case of any change of address within 5 days of such change, on Form EOIR-33. Include your name, signature, address, and USCIS A# on any written notice of change of address. The USCIS will use the last address you provided for all correspondence, and you are responsible for the contents of all USCIS correspondence sent to that address. Failure to provide your current address as required may result in dismissal or referral of your asylum application, institution of removal proceedings, the entry of a removal order in your absence if you fail to appear for a hearing before an immigration judge, and removal from the United States. If you have any questions or comments regarding the status of your application, please contact the office with jurisdiction over your application.

If you have any questions regarding this notice, please call 1-800-375-5283. APPLICANT COPY

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
1717 AVENUE H SUITE 100
OMAHA, NE 68110

RE: CASTILLO, JOSE ALFONSO
FILE: A200-726-621

DATE: 8/2/2012

TO: BANWO & IGBOKWE LAW FIRM, L.L.C.
IGBOKWE, CHINEDU, ESQ.
3568 DODGE STREET, SUITE 100
OMAHA, NE 68131

Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before the Immigration Court on 9/10/2013 at 10:30AM at

1717 AVENUE H SUITE 100
OMAHA, NE 68110

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:

1) You may be taken into custody by the Department of Homeland Security and held for further action.

2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Department of Homeland Security established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT OMAHA, NE THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A List of Free Legal Service Providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 OR 240-314-1500.

# EXHIBIT D

# LETTERS OF SUPPORT

**TO WHOM IT MAY CONCERN**

**Re: Jose Alfonso Castillo, A# 200-726-621**

I am writing this letter in support of **Jose Alfonso Castillo**, whom I have known personally for approximately **twenty years**.

Throughout the many years I have known Alfonso, I have known him to be a decent, hardworking, and dependable man. He has also been a faithful and loyal friend to me, and my knowledge of his character is based upon a relationship that has developed over many years.

I am now retired after having worked in the construction industry for approximately **fifty years**. During my career, I employed hundreds of people and had the opportunity to work with individuals from many different backgrounds. That experience has given me a strong appreciation for people who are willing to work hard, accept responsibility, and contribute through their own efforts. Alfonso is the type of hardworking person whom I respect.

I understand that Alfonso has made substantial efforts and incurred significant expenses attempting to address his immigration situation and obtain lawful work authorization. I personally know that this process has required considerable financial resources from him.

My support for Alfonso is not merely based upon words. I personally contributed approximately **$1,500 toward his legal expenses** because I wanted to help him address his immigration situation through the appropriate legal process.

I understand that Alfonso is presently detained in immigration custody. Based upon the approximately twenty years that I have known him, I respectfully ask that his individual circumstances, character, work history, community ties, and the support available to him outside detention be fully considered.

I believe Alfonso should be given the opportunity to regain his freedom and continue addressing his immigration case through the legal process while supporting his family and returning to productive employment.

If Alfonso is released, he has people in the community who know him, support him, and want to see him comply with his obligations and continue contributing through his work.

I respectfully ask that favorable consideration be given to his request for release from immigration custody.

Thank you for your time and consideration.

Sincerely,

**Kevin Archibald**

August 2nd, 2026
Flor De Maria Rodriguez Rivera
4217 S 23rd St

Dear Honorable Judge,

I am Flor and I'm the mother of his children. I'm writing this letter to respectfully ask you to consider allowing Jose, to remain in the United States. I want to share the importance of his prescence in our family and the impact his absence would have on us. Although we have seperated, he is still the father of our 2 kids and an important person in their lives.

Jose has always been an important part of our kids lives. He constantly supported, encouraged, and worked tirelessly for them. His role as their father can't be replaced and I believe it is important for my children to continue having his guidance, love, and support as they grow up.

Jose and I have known eachother for over 20 years. We've traveled through states together trying to find a good area to settle. Him and I even worked together. We ended up settling in Nebraska and getting a house together. We got the house a bit after we had our first kid together Andrea. She was around 4 months when we got the house.

On his days off from work he would fix up our house or helping me with the garden we made together. He is a very outdoorsy man. When it was too cold to be outside me and him would be in the living room watching Alaskan Bush People. One of his dreams was to live on a farm caring after several animals.

He is very hardworking and always made sure to be able to financially provide for us. Our kids are getting older but they still need him. Being a single mother will be difficult.

August 2nd, 2026
Anthony Castillo-Rodriguez
4217 S 23rd St

Dear Honorable Judge,

My name is Anthony, and I am writing this letter to ask you to please consider allowing my dad, Jose, to remain in the United States. My dad is a very important person in my life, and I want to explain how much his presence means to me.

My dad is someone I can always count on. As I get older and prepare to start high school, having my dad there for me is very important. Losing the ability to have him physically present in my life would be very difficult for me. Because of my disability, having people around me who can understand me and support me is very important.

Since I am disabled it's hard for me to understand things. When my mom told me what happened to my dad I got very emotional. My dad has always been here for me and I always looked towards being with him. He helps me buy things I need, helps me with how to communicate and behave properly. He knows how to cheer me up when I'm down. I always enjoyed sitting down and eating food with him, or when Football came on and we'd go crazy watching it, even when we'd go on walks with our dog Jax. We'd walk around a lake by our home that we called "Pato Lake" which means duck lake because there were always ducks swimming in the lake.

I hope you will consider how important my father is to me and my family. I want to continue having him in my life as I grow, go through school, and work toward my future. Thank you for your time.

Respectfully, Anthony

August 2nd, 2026.

Andrea Elizabeth Castillo-Rodriguez
4217 S 23rd St

Dear Honorable Judge,

My name is Andrea and I am Jose's daughter, I am writing this letter to respectfully ask you to consider allowing my father to remain in the United States. I want to share what my dad means to me, and how his deportation would affect my life and my family.

My dad has always been a hardworking man and making sure he can provide me and my family's needs. He always put the most effort to be able to ensure we had what we needed. My father is someone dedicated, loving, and thoughtful. I remember after he worked long shifts he would suprise me and my brother with random gifts. Even after being so tired from work he'd manage to buy us something just to see us with a smile. It won't be just me and my family that'll miss him but also friends and our dog Javi!

He has taught me many important things in life that have helped shape me who I am now. He has always been my biggest supporter especially while I was in school. He encouraged me during hard times when I felt down because of school and work. He pushed me to succeed and always reminded me how blessed I am to get the education I was getting because unfortunately he didn't get to finish school because he started working at a young age. He wasn't able to get the same opportunities that I recieved when he was growing up. With his encouragement I was able to graduate a year early at 17 years old.

The impact that would be left if he gets deported is that me and my brother will lose having a father figure physically with us. We'd lose a dad that gives us motivation and connection in my family. Facetimes and phone calls simply won't make up for the time we've lost. Holidays and birthdays will be very different. It'd be like we are mourning someone who is

Elvia E. Chica Claros
6323 Ellison Avenue
Omaha, NE 68104

To Whom It May Concern

My name is Elvia E. Chica Claros, and I am writing this letter in support of Jose Alfonso Mendoza Castillo whom I had the privilege of working with for approximately nine years, from 2013 through 2022, in Omaha, Nebraska.

During the many years we worked together, I came to know Jose Alfonso Mendoza Castillo as an honest, trustworthy, hardworking, and dependable person. He consistently demonstrated a strong work ethic and took his responsibilities seriously. He was reliable, always showed up for work, fulfilled his duties, and treated his coworkers with respect.

Throughout that time, I found Jose to be a person of integrity and someone others could trust and rely upon. My experience working with him was consistently positive, and I personally witnessed his commitment to working hard and conducting himself with respect and professionalism.

I respectfully submit this letter so that my personal experience with Jose and my knowledge of his character may be considered as part of his case. Based on the many years I knew and worked alongside him, I believe he has demonstrated himself to be a hardworking and trustworthy individual of good character.

It is my sincere hope that Jose will be given the opportunity to obtain legal status and remain in the United States.

Thank you for your time and consideration.

Respectfully,

8/10/26

Elvia E. Chica Claros

To Whom It May Concern

My name is Kenneth R. Clinard, and I am writing this letter as a character reference for José Alfonso Mendoza Castillo.

I worked with Jose at Notech Services for six years or more, until the company dissolved in 2022. During those years, I came to know José as an honest, dependable, and hardworking person. He consistently arrived at work on time and could always be counted on to fulfill his responsibilities.

José was a knowledgeable and skilled worker with experience in many areas of construction. His abilities included concrete forming and finishing, painting, general interior finishing, drywall installation, and both commercial and residential flooring. He took pride in his work and brought valuable knowledge and practical experience to every job.

José was always well-mannered and treated the people around him with respect. He had a good-natured spirit and demonstrated a godly outlook on life through his attitude and the way he conducted himself. His family and their needs were always a priority to him, and it was clear that he took his responsibilities to them seriously.

Based on my years of personal experience working alongside José, I know him to be trustworthy, responsible, and willing to work hard. He has demonstrated the qualities of a productive and responsible member of the community.

I respectfully ask that José's character, work history, family commitment, and contributions to the community be taken into consideration when reviewing his case. I sincerely hope he will be given the opportunity to remain in the United States with his family and continue supporting them.

I am willing to provide additional information regarding my experience working with José if requested.

Respectfully,

[signature]

Kenneth R. Clinard

Date: November 19, 2025

Telephone: (402) 612-4368

Email: kenclinard@windstream.net

RECEIVED
AUG 2 0 2026
CLERK
U.S. DISTRICT COURT

**Extremely Urgent**

Express

CLERK OF COURT
111 S 18TH PLZ
STE 1152
OMAHA NE 68102

P:SOUTH3 S:BBLUE I:317

323-1505

1Z35A00R0302727456
SAT08485 XLE 02-1 Aug 20 04:46:54 2026
US 6814 UDC 25.9 SATOLR

FROM:
Jose Alfonso Castillo
A# 200-726-621
McCook Detention Center
2309 N Highway 83
McCook, NE 69001

TO:
Clerk of Court
United States District Court
District of Nebraska
Roman L. Hruska Federal Courthouse
111 South 18th Plaza, Suite 1152
Omaha, NE 68102

DESCRIPTION:
PRO SE – § 2241 HABEAS CORPUS & EMERGENCY MOTION

Extremely Urgent

Corte

Love easy shipping and tracking?

Scan to ...

**Extremely Urgent**

Apply shipping documents on this side.

This package is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®
UPS Worldwide Expedited®

Domestic Shipments

- To qualify for the letter rate, the UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8 oz. will be bill... weight.

Internatio...

- The UP... documents of no commercial value. C... ia as documents. Visit ups.com... t is classified as a document.
- To quali... elope must weigh 8 oz. or less. UP... 8 oz. will be billed by weight.

Note: UPS E... for shipments of electronic media cont... breakable items. Do not send cash o...

**The UPS Store RFID Label**

**Tracking #**

**1Z35A00R030272 7456**

A#200-726-621
(786) 978-0563
THE UPS STORE #7578
6825 TAFT ST
HOLLYWOOD FL 33024-5601

1 LBS 1 OF 1
SHP WT: 1 LBS
DATE: 17 AUG 2026

SHIP TO:
US DISTRICT COURT OF NEBRASKA
CLERK OF COURT
ROMAN L HRUSKA FEDERAL COURTHOUSE
SUITE 1152
111 S 18TH PLAZA
OMAHA NE 68102

NE 681 9-01

UPS GROUND
TRACKING #: 1Z 35A 00R 03 0272 7456

BILLING: P/P

RECEIVED
AUG 2 0 2026
CLERK
U.S. DISTRICT COURT

MHF7AEFRMHANF ISH 13.00C ZZP 450 20.5U 05/2026

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

Serving you for more than 110 years
United Parcel Service.®

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com
0101951033 11/25 PAC United Parcel Service

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

100% Recycled fiber
80% Post-Consumer