FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 AUG 20 AM 11: 16
OFFICE OF THE CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**JOSE ALFONSO CASTILLO,**
A# 200-726-621,
Petitioner, Pro Se,

v.

**WARDEN OF THE DETENTION FACILITY**
**IN McCOOK, NEBRASKA,**

Respondent.

Case No. 8:26CV448

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE THE COURT'S HABEAS JURISDICTION AND MAINTAIN THE STATUS QUO**

Petitioner, **Jose Alfonso Castillo**, A# 200-726-621, proceeding Pro Se, respectfully moves this Court for narrowly tailored temporary and preliminary injunctive relief necessary to preserve the Court's ability to adjudicate his pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Petitioner is presently detained in **McCook, Nebraska**, within the District of Nebraska. His habeas Petition challenges the legality and constitutionality of his continued physical detention and requests immediate release as the primary relief, or, alternatively, a prompt and meaningful individualized custody or bond hearing.

Petitioner's immigration proceedings remain active. He presently has a merits hearing scheduled for **September 1, 2026, at 1:00 p.m., before Immigration Judge Juan Roman**.

This Motion does not ask the Court to adjudicate Petitioner's underlying immigration claims or determine whether Petitioner is ultimately entitled to remain in the United States. Rather, Petitioner seeks temporary protection against actions that could materially interfere with the Court's consideration of his pending challenge to physical custody before that challenge can be adjudicated.

**BACKGROUND AND NEED FOR TEMPORARY RELIEF**

Petitioner is presently physically confined in McCook, Nebraska, and has filed or is contemporaneously filing a Petition for Writ of Habeas Corpus challenging his continued immigration detention.

Because habeas corpus concerns Petitioner's present physical custody, maintaining Petitioner's current custodial status and location while this Court considers the Petition is important to the orderly adjudication of this action.

Petitioner respectfully seeks an order temporarily prohibiting Respondent, and those acting in concert with Respondent who receive actual notice of the Court's order, from transferring Petitioner outside the District of Nebraska while this habeas action remains pending, absent further order of this Court.

Petitioner also requests temporary protection against execution of any removal or deportation that would physically remove him from the United States before this Court has a meaningful opportunity to adjudicate the detention claims presented in his habeas Petition.

Petitioner recognizes that his underlying immigration proceedings are separate from this habeas action. He does not seek through this Motion a determination of his removability or entitlement to immigration relief. The requested protection is instead directed to preserving the status quo long enough for this Court to determine the claims properly presented concerning Petitioner's present physical detention.

Without temporary protection, a transfer outside this District could complicate the identification and availability of Petitioner's immediate custodian and materially interfere with the orderly adjudication of the pending habeas action.

More significantly, Petitioner's physical removal from the United States before adjudication of his habeas claims could substantially impair the practical availability of the relief he seeks from this Court concerning his present detention.

The requested relief is temporary and limited. Petitioner does not seek immunity from the immigration laws, termination of his immigration proceedings, or a permanent prohibition against lawful governmental action. He seeks only preservation of the circumstances necessary for this Court to meaningfully consider the habeas claims presently before it.

## ARGUMENT

### I. TEMPORARY RELIEF IS NECESSARY TO PRESERVE THE STATUS QUO WHILE THE COURT CONSIDERS PETITIONER'S HABEAS CLAIMS

The purpose of temporary injunctive relief is to preserve the status quo and prevent circumstances from changing in a manner that could frustrate meaningful judicial review before the Court has an opportunity to decide the issues presented.

Petitioner's habeas Petition directly challenges his present physical confinement. He is currently detained within this District, and his immediate custodian is located within the territorial jurisdiction of this Court.

A transfer outside the District while the Petition is pending could unnecessarily complicate the administration of this habeas action and Petitioner's ability to communicate, receive documents, prepare filings, and pursue the relief requested.

Maintaining Petitioner's present location temporarily imposes a limited burden while preserving an orderly process for adjudicating his challenge to continued detention.

Petitioner therefore respectfully requests that his present custodial location be maintained while this Court considers the Petition, unless the Court authorizes otherwise.

## II. PETITIONER FACES IRREPARABLE HARM IF THE STATUS QUO IS ALTERED BEFORE HIS HABEAS CLAIMS CAN BE REVIEWED

The liberty interest at issue in this action cannot be adequately restored through monetary damages. Each additional period of allegedly unconstitutional physical detention constitutes a continuing deprivation of liberty.

Transfer outside this District could also interfere with Petitioner's ability to prosecute this Pro Se habeas action and could create unnecessary questions concerning custody and administration of the case before this Court has had an opportunity to consider the merits.

Physical removal from the United States presents an even more substantial concern. If Petitioner were removed before this Court could adjudicate his challenge to present detention, the circumstances underlying the Petition would be fundamentally altered before meaningful review could occur.

Petitioner therefore seeks temporary protection designed not to determine the ultimate immigration outcome, but to prevent potentially irreversible consequences before this Court can exercise meaningful review over the detention claims properly presented to it.

## III. THE REQUESTED RELIEF IS NARROWLY TAILORED AND DOES NOT ASK THIS COURT TO DECIDE PETITIONER'S IMMIGRATION CASE

**REQUEST FOR RELIEF**

For the foregoing reasons, Petitioner respectfully requests that this Court:

A. Grant this Emergency Motion and preserve the status quo while the Petition for Writ of Habeas Corpus remains pending;

B. Temporarily restrain Respondent, and those acting in concert with Respondent who receive actual notice of the Court's order, from transferring Petitioner outside the **District of Nebraska** without prior authorization from this Court while the habeas Petition remains pending;

C. To the extent permitted by law and necessary to preserve meaningful adjudication of Petitioner's detention claims, temporarily restrain Respondent and appropriate federal immigration officials with actual notice of the order from effectuating Petitioner's physical removal or deportation from the United States while this Court considers the pending habeas Petition;

D. Require reasonable advance notice to Petitioner and this Court before any proposed transfer outside the District of Nebraska that the Government contends is necessary while this action remains pending;

E. Maintain this temporary protection until the Court adjudicates the habeas Petition or enters a further order modifying or dissolving the relief; and

F. Grant such other and further relief as the Court deems just and appropriate to preserve its ability to provide meaningful habeas review.

Respectfully submitted,

Executed on: August 17, 2026

Jose Alfonso Castillo

**Jose Alfonso Castillo**
A# 200-726-621
Petitioner, Pro Se

## CERTIFICATE OF SERVICE

I, **Jose Alfonso Castillo**, certify that on ____August 17____, 2026, I placed a true and correct copy of the foregoing **Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Preserve the Court's Habeas Jurisdiction and Maintain the Status Quo**, together with the accompanying Proposed Order, in the institutional mailing system for service upon the appropriate government counsel.

Office of the United States Attorney
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE 68102

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ____August 17____, 2026

---

*Jose Alfonso Castillo*
**Jose Alfonso Castillo**
A# 200-726-621
Petitioner, Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**JOSE ALFONSO CASTILLO,**
A# 200-726-621,
Petitioner, Pro Se,

v.

**WARDEN OF THE DETENTION FACILITY**
**IN McCOOK, NEBRASKA,**

Respondent.

Case No. ______________________________

**PROPOSED ORDER ON PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Upon consideration of Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, the record before the Court, and for good cause shown, it is hereby:

**ORDERED** that Petitioner's Motion is GRANTED to the extent stated herein; and it is further

**ORDERED** that Respondent and those acting in concert with Respondent who receive actual notice of this Order shall not transfer Petitioner, **Jose Alfonso Castillo, A# 200-726-621**, outside the District of Nebraska while this habeas action remains pending, absent further order of this Court; and it is further

**ORDERED** that, to the extent within the Court's lawful authority in this action, Petitioner's physical removal from the United States shall not be effectuated while the Court considers the pending habeas Petition, absent further order of this Court; and it is further

**ORDERED** that this Order shall remain in effect until modified or dissolved by further order of the Court.

IT IS SO ORDERED.

Dated: __________________________

**UNITED STATES DISTRICT JUDGE**